## MARY FORD, Respondent, v. CHARLES J. FORD, Appellant.

### (173 N. W. 454.)

**Divorce — desertion — property settlement between parties.**

This is an appeal from a decree of divorce. It presents only a question of fact on which the judgment of the court is clearly right.

Opinion filed May 23, 1919. Petition for rehearing denied June 7, 1919.

Appeal from the District Court of Stutsman County, Honorable J. A. Coffey, Judge.

Affirmed.

*Geo. W. Thorp* and *Russell D. Chase,* for appellant.

"From all these facts, we conclude that, while defendant charged marital infidelity against plaintiff that did not exist, and while such charges tended to destroy the domestic happiness of these parties, and may have caused plaintiff mental suffering, yet facts and circumstances

for which plaintiff was, to a large extent, directly responsible so far justified the defendant in making such charges that it does not now lie in plaintiff's mouth to accuse her of extreme cruelty for so doing." McAllister v. McAllister, 7 N. D. 324; Mosher v. Mosher, 16 N. D. 269; 14 Cyc. 607; Thompson v. Thompson, 32 N. D. 530.

The acts and interference of relatives do not constitute cruelty on the part of the defendant, nor can such be distorted into grounds for divorce. Gray v. Gray, 31 N. D. 618.

The cruelty contemplated by the law must operate upon the husband or wife while living in the relation of husband and wife. She had already destroyed the legitimate ends of her marriage by her desertion and persistent association with Danekas. Beach v. Beach (Okla.) 46 Pac. 514; Mahnken v. Mahnken, 9 N. D. 188.

*Knauf & Knauf,* for respondent.

Carpenter v. Carpenter, 30 Kan. 712, 2 Pac. 122; Gibbs v. Gibbs, 18 Kan. 419; Bennett v. Bennett, 24 Mich. 151; Whetmore v. Whetmore, 49 Mich. 417; Caruthers v. Caruthers, 13 Iowa, 266; Wheeler v. Wheeler, 53 Iowa, 511; Smith v. Smith, 6 Or. 100; Kennedy v. Kennedy, 73 N. Y. 369; Latham v. Latham, 30 Gratt. 307; Cook v. Cook, 11 N. J. L. 195; Beyer v. Beyer, 50 Wis. 254; May v. May, 62 Pa. 206; Beebe v. Beebe, 10 Iowa, 133; Mahnken v. Mahnken, 9 N. D. 189; Palmer v. Palmer, 7 N. W. 760; Andrews v. Andrews, 52 Pac. 298; Reichard v. Reichard, 83 N. W. 1008; Wagner v. Wagner, 30 N. W. 766; Berdolt v. Berdolt, 77 N. W. 399; Comp. Laws 1913, § 4382.

ROBINSON, J. This is a suit for the dissolution of a matrimonial partnership. Each party does charge that the other has been guilty of love's treason; each party demands that the partnership be dissolved. There is no demand for the care and custody of children, because there are none. There is no serious contest over property, because the parties have been good enough to make a settlement which the court has adjudged to be just and equitable. He has duly conveyed and transferred to her a share of the property, and the conveyance was made for a good and valuable consideration, because she in writing agreed to accept it in lieu of alimony and all claims against the defendant, and there is nothing in the pleadings nor in the evidence to impeach the

conveyance. And because of the amicable property settlement the decree of divorce was given without costs to either party. Defendant was not required to pay alimony, attorneys' fees, or costs. And the divorce inures to the freedom and benefit of the one as much as to the other. Surely neither party has any just cause of complaint. Seldom does an appeal to the courts terminate so happily. Indeed it is hard to discover the purpose of the appeal to this court, unless it be to secure an affirmance of the judgment.

While there is no occasion for reviewing the facts or the evidence, as a matter of form it may be said: In the springtime of life, when she was twenty-two and he a few years older, the parties met, and it was love at first sight. They quickly formed a matrimonial union and yoked themselves together, and to improve their fortunes each worked hard late and early. He took her with him into the fields, and day after day she did the work of a man. She was to him a partner, a wife, and a hired man. But the strain was too much for her. After five or six years she broke down and had to quit the field work. Then he rented the farm—three quarter sections—to her cousin and to one Meyers, who had a young and vivacious wife in whose company the plaintiff took delight, but defendant became jealous and charged that she delighted in the company of a cousin. When defendant rented the farm he took his good wife to live in two little rooms which he constructed as an addition to the house of her father. It seems his wish was for her to remain like a good domestic animal in a stall, and not to go out without his kind permission. She did not obey. He just put up his fist, as he says, to stop her from going out of the door, and she fell against it and hurt herself; but she and the other witnesses say that he struck her a hard blow and knocked her down and severely injured her,—and such was the finding of the trial court. That was on June 7, 1917. Then she commenced this action, and in two days the parties met and made a settlement of their property affairs. He served an answer denying the cruelty, and about six months afterwards—a few days before the trial—he served an answer charging that in July, 1917, the plaintiff committed adultery with her cousin, and demanding a reconveyance of the property. On the trial he said that one morning in July, at 5 A. M., he walked into an open door and saw the fair lady and her cousin sleeping on the same bed, and that he

silently stole away and never made mention of it to any person until the time of amending the answer. But, as it appears, the story is as untrue as it was ridiculous. Indeed it seems the defendant did not perceive that he was under any legal or moral obligations to speak the truth.

The judgment is clearly right and it is affirmed.

GRACE, J. I concur in the result.